NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEAN BOSCO MUTARAMBIRWA,  :<br>:<br>Plaintiff,  :<br>:<br>v.  :<br>:<br>CITY OF WEST ORANGE, *et al.*,  :<br>:<br>Defendants.  :<br>: | Civil Action No.: 20-6155<br><br>**OPINION** |

**CECCHI, District Judge**

This matter comes before the Court on *pro se* Plaintiff Jean Bosco Mutarambirwa's ("Plaintiff") motion for reconsideration (ECF No. 145) of this Court's January 31, 2023, Order (ECF No. 140) denying his request for a preliminary injunction. Oppositions were filed by (i) Defendants former Attorney General Gurbir Grewal, Governor Phil Murphy and the Honorable Louise G. Spencer (together, the "State Defendants"), ECF No. 146; (ii) Defendants the Honorable Dennis Dowd, the Township of West Orange and Sergeant George Lopez (together, the "Township Defendants"), ECF No. 147; and (iii) *pro se* Defendant Mediatrice Mutarambirwa, ECF No. 148. Plaintiff filed a supplemental submission (ECF No. 149) and the State and Township Defendants filed responses (ECF No. 150-51). The Court has also reviewed supplemental briefing submitted by the parties. ECF Nos. 153-55. In their supplemental briefs, the State and Township Defendants request that the Court enter a stay pending the Supreme Court's resolution of certain pertinent issues. ECF Nos. 154 at 2-5; 155 at 1. The Court decides this motion without oral argument

pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Plaintiff's motion for reconsideration is denied and the State and Township Defendants' request for a stay is granted.[1]

## I.     BACKGROUND

This action arises out of an April 2020 restraining order proceeding that took place in New Jersey Family Court. ECF No. 102-1 at 1-2. Defendant Judge Dowd, who presided over the proceeding, issued a temporary restraining order against Plaintiff on April 6, 2020, and Defendant Judge Spencer issued a final restraining order on May 13, 2020. *Id.* at 2. Specifically, the New Jersey Family Court Judges found that Plaintiff committed the predicate offense of Harassment, N.J.S.A. § 2C:33-4(a) & (c), against Defendant Mediatrice Mutarambirwa and their children.[2] The restraining order was entered pursuant to the New Jersey Prevention of Domestic Violence Act ("PDVA"), which permitted the Family Court to forbid Plaintiff from possessing a firearm. ECF No. 102-1 at 1-3; *see also* N.J.S.A. § 2C25-28(j) ("Emergency relief may include forbidding the defendant from . . . possessing any firearm or other weapon."). The Appellate Division of the Superior Court of New Jersey affirmed the restraining order on May 7, 2021 (ECF No. 52-1), finding the FRO was predicated on:

> [Plaintiff's] repeated actions to compel [Defendant Mediatrice Mutarambirwa] to return to their bedroom, including removing a door from a guestroom where she was sleeping, which he did with the express intent to cause her to "come over" to their bedroom; preventing her from sleeping on an air mattress in another room by deflating it and grabbing the pump from her when she tried to reinflate it; preventing her from sleeping on another mattress in the children's room by moving

---

[1] Also pending before the Court are three motions to dismiss Plaintiff's third amended complaint, filed by the State Defendants, Township Defendants and Defendant Mediatrice Mutarambirwa. ECF Nos. 115-16, 135. Because the Court finds that a stay of this matter is appropriate, for the reasons set forth below, the pending motions to dismiss are hereby denied without prejudice, subject to refiling, if appropriate, following the reinstatement of this case.

[2] For a full recitation of the relevant factual history underlying the New Jersey Family Court's issuance of temporary and final restraining orders against Plaintiff, *see generally* ECF No. 52-1 (per curiam opinion of the Superior Court of New Jersey Appellate Division affirming the New Jersey Family Court's decision to enter the restraining orders). *See also* ECF No. 53 at 2-9 (Order dated July 30, 2022, denying Plaintiff's initial motion for an order to show cause).

> it to the parties' bedroom where he was sleeping; sending her late-night texts threatening to replace her, and repeatedly demeaning [her] in the presence of their children, including questioning their eleven year-old son about engaging in incest with [Defendant Mediatrice Mutarambirwa].

ECF No. 52-1 at 16-17. The Supreme Court of New Jersey denied Plaintiff's petition for certification on November 16, 2021. ECF No. 61-1.

In May 2020, Plaintiff initiated the instant civil action by filing a complaint challenging the restraining order and alleging that the Family Court violated his constitutional rights. *See generally* ECF No. 1. Thereafter, Plaintiff filed several amended complaints (ECF Nos. 4, 6, 104) and multiple motions for an order to show cause pursuant to Federal Rule of Civil Procedure 65, arguing that restrictions on his rights to maintain custody of his children and possess weapons were constitutionally inadequate and constituted irreparable harm. *See* ECF Nos. 5, 68, 95, 102.

In an order dated January 30, 2023, this Court denied Plaintiff's most recent request for relief under Rule 65 on grounds that he failed to show a likelihood of success on the merits. ECF No. 140. Plaintiff's request, which only sought relief on his Second Amendment challenge, was predicated on the U.S. Supreme Court's ruling in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). ECF No. 102. In *Bruen*, the Supreme Court tasked lower courts with determining whether historically analogous firearm restrictions existed such that the restriction at issue was consistent with the Nation's historical tradition of firearm regulation. *Bruen*, 142 S. Ct. at 2126, 2132. Plaintiff argued that, under *Bruen*, the government cannot "affirmatively prove that its firearms regulation is part of this historical tradition that delimits the outer bounds of the right to keep and bear arms." ECF No. 102-1 at 1 (citing *Bruen*, 142 S. Ct. at 2127). In denying Plaintiff's motion, this Court pointed to the balance of case law supporting the

position that domestic violence offenses are grounds for valid firearm restrictions under the Second Amendment.[3]  ECF No. 140 at 5.

Now, Plaintiff moves for reconsideration of this Court's ruling.  *See* ECF No. 145.  In support of his motion, and through his supplemental submissions, Plaintiff primarily relies on (i) a purported expert report from Paul A. Clark, Ph.D opining as to Plaintiff's entitlement to exercise his Second Amendment right, ECF No. 145-2; (ii) the Fifth Circuit's March 2023 decision in *United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023), ECF No. 149; and (iii) the Third Circuit's June 2023 decision in *Range v. Attorney General*, 69 F.4th 96 (3d Cir. 2023), ECF No. 153.  Specifically, in *Rahimi*, the Fifth Circuit held that individuals subject to domestic violence restraining orders had a right to possess firearms under the Second Amendment.  61 F.4th at 448.  As a result, the Fifth Circuit held that 18 U.S.C. § 922(g)(8)—a federal statute barring firearm possession by those subject to domestic violence restraining orders—was facially unconstitutional.  *Id.* at 461.  On June 30, 2023, the U.S. Supreme Court granted *certiorari* in *Rahimi*.  *See Rahimi*, 61 F.4th 443, *cert. granted* 143 S. Ct. 2688 (June 30, 2023).  The State and Township Defendants request that this Court stay its adjudication of Plaintiff's Second Amendment challenge pending the Supreme Court's decision in *Rahimi*.  ECF Nos. 154 at 2-5; 155 at 1.

---

[3] *See, e.g.*, *United States v. Bernard*, No. 22-cr-03, 2022 WL 17416681, at *7 (N.D. Iowa Dec. 5, 2022) (applying *Bruen* and holding that "[p]rohibiting violent criminals from possessing firearms, such as those who have been convicted of a misdemeanor crime of domestic violence, is consistent with and analogous to prohibiting felons from possessing firearms"); *United States v. Jackson*, 622 F. Supp. 3d 1063, 1067 (W.D. Ok. 2022) ("Domestic violence misdemeanants can logically be viewed as relevantly similar to felons who should be denied weapons for the same reasons." (internal quotation omitted)); *United States v. Nutter*, 624 F. Supp. 3d 636, 644 (S.D.W. Va. 2022) ("The prohibition of possession of firearms by domestic violence misdemeanants . . . is supported by history.").

## II. LEGAL STANDARD

### a. Request to Stay

A district court has "broad power to stay proceedings." *Bechtel Corp. v. Local 215 Laborers' Int'l Union of N. Am.*, 544 F.2d 1207, 1215 (3d Cir. 1976) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). The Third Circuit has found that, "[i]n the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Bechtel Corp.*, 544 F.2d at 1215; *see also Rodgers v. U.S. Steel Corp.*, 508 F.2d 152, 162 (3d Cir. 1975). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Saint-Jean v. Holland*, No. 19-cv-10680, 2021 WL 5866901, at *3 (D.N.J. Dec. 9, 2021) (quoting *Bechtel Corp.*, 544 F.2d at 1215). In deciding whether to grant a stay, courts consider "whether a stay will simplify issues and promote judicial economy, the balance of harm to the parties, and the length of the [ ] stay." *Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*, No. 11-cv-0011, 2011 WL 4056318, at *2 (D.N.J. Sept. 12, 2011) (citation omitted); *see also Akishey v. Kapustin*, 23 F. Supp. 3d 440, 446 (D.N.J. 2014).

### b. Motion for Reconsideration

A party may move for reconsideration of a previous order if there are "matter[s] or controlling decisions which the party believes the Judge has overlooked." L. Civ. R. 7.1(i). The Court will reconsider a prior order only where a different outcome is justified by "(1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct a clear error of law or prevent manifest injustice." *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (citation and brackets omitted). A motion for reconsideration "may not be used to relitigate old matters, nor to raise

arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001); *see also Brackett v. Ashcroft*, No. 03-cv-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (noting that "reconsideration is an extraordinary remedy, that is granted 'very sparingly'" (citations omitted)). "Mere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld Asset Mgmt.*, 161 F. Supp. 2d at 353).

### III. DISCUSSION

#### a. Defendants' Request for a Stay

The State and Township Defendants argue that a stay of Plaintiff's Second Amendment challenge is appropriate pending the Supreme Court's ruling in *Rahimi* because the issue presented therein will substantially impact Plaintiff's instant Second Amendment claim. ECF No. 154 at 3.

In *Rahimi*, officers executed a search warrant and found firearms in the defendant's home. 61 F.4th at 449-50. The defendant, who was at the time subject to a civil protective order, was indicted under 18 U.S.C. § 922(g)(8), which prohibits firearm possession by an individual subject to a domestic violence restraining order. *Id.* at 449 (quoting 18 U.S.C. § 922(g)(8)). The defendant challenged § 922(g)(8)'s constitutionality following the Supreme Court's ruling in *Bruen*.[4] *Id.* The Fifth Circuit agreed with the defendant, finding that the historical firearm restriction laws presented by the government to satisfy *Bruen*'s historical consistency requirement fell short of constituting appropriate historical analogues. *Id.* at 460-61 (internal citation omitted).

In evaluating the considerations described above, the Court first finds that a stay would likely simplify the issues presented in Plaintiff's Second Amendment challenge and facilitate

---

[4] The defendant's initial pre-*Bruen* challenge to § 922(g)(8) in *Rahimi* was denied by the Fifth Circuit. *Rahimi*, 61 F.4th at 449-50. Following *Bruen*, the Fifth Circuit panel withdrew its decision and sought further briefing from the parties before issuing its subsequent holding. *Id.*

6

judicial economy. The Supreme Court's ruling in *Rahimi* could clarify, one way or the other, the constitutionality of firearm restrictions on individuals subject to domestic violence restraining orders. *Homa v. Am. Express Co.*, No. 06-cv-2985, 2010 WL 4116481, at *8 (D.N.J. Oct. 18, 2010) (granting a stay, in part, on grounds that "[a]dvancing this litigation while the issue . . . is squarely before the Supreme Court may be an exercise in futility."); ECF No. 154 at 4. At the very least, to the extent a more searching, fact-intensive analysis is required, the Supreme Court's ruling will provide guidance on the proper application of *Bruen* to cases like *Rahimi* and the instant action, where civil domestic violence restraining orders are the predicate for restricting firearm possession. ECF No. 154 at 4; *see also Icona Opportunity Partners 1, LLC v. Certain Underwriters at Lloyds, London*, No. 22-cv-4140, 2023 WL 2473644, at *4 (D.N.J. Mar. 13, 2023) (granting a stay, in part, on grounds that waiting to apply a consistent standard handed down from the higher court "would be more efficient for this Court than synthesizing rules from eleven different cases"). As other courts have recognized, "[t]he Supreme Court [ ] has [ ] not yet had the opportunity to further clarify any part of its ruling [in *Bruen*, but] recently granted certiorari [in *Rahimi*] which may provide further clarity on the proper application of the test articulated" therein. *Fraser v. Alcohol*, No. 22-cv-410, 2023 WL 5617894, at *3 (E.D. Va. Aug. 30, 2023) (noting that post-*Bruen* Second Amendment law "is in flux" and staying the case pending guidance from the Court of Appeals). A stay would also promote judicial economy by preventing the premature and time-consuming adjudication, and any subsequent appeal, of an issue that is very likely to require reevaluation following the Supreme Court's guidance. *See Icona*, 2023 WL 2473644, at *4; *see also* ECF No. 154 at 5.

      Further, a balancing of harm to the parties also weighs in favor of granting a stay. While Plaintiff certainly has an interest in exercising his constitutional rights, any harm caused by the

delay is outweighed by the benefit and clarity that the Supreme Court's guidance will provide. *See Fraser*, 2023 WL 5617894, at *4 (granting stay despite noting plaintiffs' "strong interest in exercising their constitutional rights" and that "the stay will delay the date on which they may do so"). Additionally, neither party has expressed concern about prejudice arising from the loss of pertinent evidence that would prevent this Court from adequately deciding this issue at a later date. *See, e.g.*, *Nicolas*, 2017 WL 6514662, at *3 (granting stay where "there are no concerns about evidence being misplaced or lost); *Bais*, 2011 WL 4056318, at *2 (finding same).

Finally, the Court will consider the length of the stay. As the State Defendants note, a decision in *Rahimi* is slated for the Supreme Court's 2023-24 term, meaning a stay in this case would not be expected to extend beyond mid-2024. ECF No. 154 at 5. In fact, the Supreme Court already held oral argument in *Rahimi* on November 7, 2023. *See* November 7, 2023 Docket Entry, *United States v. Rahimi*, No. 22-915 (U.S. Nov. 7, 2023). Courts in this district have found that such a delay, in anticipation of guidance from a higher court, is appropriate. *See, e.g.*, *Nicolas*, 2017 WL 6514662, at *4 (finding that a delay "for an uncertain and significant period of time, lasting potentially a year or more" was "not 'excessive considering the likelihood that the Third Circuit's decision will resolve the dispositive . . . issues'" (internal citation omitted)); *Bais*, 2011 WL 4056318, at *2 (finding resolution of circuit appeal would take a "substantial period of time" but "the Court does not find it excessive" for purposes of granting a stay); *Golubchik v. Certified Credit & Collection Bureau*, No. 18-cv-16114, 2019 WL 13258510, at *8 (D.N.J. July 19, 2019) (granting a stay despite noting that the relevant appeal "was docketed more than a year ago" and "[n]o one can predict how long it will take the Third Circuit to issue its opinion"). Likewise, this Court finds that, in light of the guidance the Supreme Court is expected to deliver, a stay pending the Court's ruling in *Rahimi* by the end of its current term is not excessive. *See In re Michaels*

*Stores, Inc.*, No. 14-cv-07563, 2016 WL 947150, at *4 (D.N.J. Mar. 14, 2016) (finding that a stay, which "would be a matter of months," pending an anticipated Supreme Court decision "by the end of the current term" was appropriate).

Given that the issues presented in this case are both factually and legally intertwined, the Court finds it appropriate to exercise its discretion to stay the entire action. *See, e.g.*, *Sage Prod., LLC v. Becton, Dickinson & Co.*, No. 20-cv-8000, 2022 WL 500569, at *2 (D.N.J. Feb. 18, 2022) ("The Decision about whether to issue a full or partial stay remains within my sound discretion."); *Trump for President, Inc. v. Boockvar*, 481 F. Supp. 3d 476, 502 (W.D. Pa. 2020) ("[S]taying the entire case here, as opposed to carving out aspects of it, is consistent with the Court's broad discretion to manage its docket." (citing *Cheyney State Coll. Faculty v. Hufstedler*, 703 F.2d 732, 737 (3d Cir. 1983)); *Wiser v. Archer Daniels Midland Co.*, No. 09-cv-91E, 2009 WL 3448642, at *3 (W.D. Pa. Oct. 26, 2009) (finding it appropriate to "exercise [the Court's] discretion and stay the entire case pending completion of" arbitration of only certain issues); *Sperry v. Bridges*, No. 18-cv-9996, 2021 WL 5413984, at *2 (D.N.J. Nov. 18, 2021) ("The power to stay a portion of a case or the entire proceeding is incidental to a court's power to dispose of cases to promote their fair and efficient adjudication." (internal citations omitted)); *Takacs v. Middlesex Cnty.*, No. 08-cv-694, 2011 WL 1375682, at *3 (D.N.J. Apr. 12, 2011) (staying entire case where "proceed[ing] piecemeal with claims . . . in light of the potential for the Supreme Court to resolve either all or some of the [ ] issues would not be a good use of this Court's or the litigants' time and resources").

Therefore, the State and Township Defendants' request for a stay pending the Supreme Court's ruling in *Rahimi* is granted.

### b. Motion for Reconsideration

As noted above, Plaintiff seeks reconsideration of this Court's prior Order (ECF No. 140) denying his request for a preliminary injunction, relying on new precedent and a purported expert report challenging the bases for this Court's decision. *See* ECF Nos. 145-2, 149, 153. Because the Court finds that a stay is appropriate, it need not now adjudicate the merits of Plaintiff's instant motion. *See, e.g.*, *Nicolas*, 2017 WL 6514662, at *4 ("Having concluded that a stay is appropriate, the Court needed not address at length the motion for reconsideration."); *Bais*, 2011 WL 4056318, at *3 (finding same on a motion for reconsideration). Given the Supreme Court's impending ruling in *Rahimi*, the Court anticipates that there will be further changes in controlling law.[5] As such, the Court will not disturb its prior ruling at this time.

Accordingly, Plaintiff's motion for reconsideration is denied without prejudice and a renewed motion may be filed, if appropriate, upon the Supreme Court's decision in *Rahimi*.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for reconsideration (ECF No. 145) is denied without prejudice. The State and Township Defendants' requests to stay are hereby granted. An appropriate Order will follow.

**Date**: December 20, 2023

s/ Claire C. Cecchi
**CLAIRE C. CECCHI, U.S.D.J.**

---

[5] Indeed, the Court noted in its January 2023 Order that, given the current movement in relevant law, "the Court reserves its right to revisit Plaintiff's merits analysis" if necessary. ECF No. 140 at 8.