<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JEAN BOSCO MUTARAMBIRWA, *Plaintiff*, v. CITY OF WEST ORANGE, et al., *Defendants*. | Civil Action No. 20-6155 **OPINION AND ORDER** September 16, 2025 |

**SEMPER**, District Judge.

The current matter comes before the Court on *pro se* Plaintiff Jean Bosco Mutarambirwa's ("Plaintiff") renewed motion for reconsideration. (ECF 177, "Pl. Mot.") Plaintiff seeks reconsideration of the Court's previous order denying Plaintiff's fourth motion to show cause why a preliminary injunction should not issue. (ECF 140, "Order.") Defendants Gurwil Grewal[1], in his official capacity, Phil Murphy, in his official capacity, and Matthew J. Platkin, in his official capacity (collectively, the "State Defendants"), opposed Plaintiff's renewed motion for reconsideration. (ECF 180, "Opp.") Defendants Township of West Orange[2], Dennis Dowd, and George Lopez joined the State Defendants' Opposition. (ECF 181.) The Court reviewed all submissions and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, Plaintiff's renewed motion for reconsideration is **DENIED**.

---

[1] Although Grewal filed an opposition, pursuant to Fed. R. Civ. P. 25(d), Attorney General Platkin replaces former Attorney General Grewal as a defendant. AG Platkin, as successor to former AG Grewal, is named in Plaintiff's operative Third Amended Complaint. (*See* ECF 104.)
[2] The Township of West Orange is incorrectly pled as the City of West Orange. (*See* ECF 181.)

**WHEREAS** this action stems from an April 2020 restraining order proceeding in the West Orange Municipal Court, Family Division ("New Jersey Family Court").[3] (ECF 102-1 at 1-2.) Defendant Mediatrice Mutarambirwa ("Mediatrice"), Plaintiff's wife at the time of the events giving rise to this action, initiated the restraining order proceeding and alleged that Plaintiff had abused her and her children verbally and physically. (*Id.*) Defendant Judge Dennis Dowd issued a temporary restraining order ("TRO") on April 6, 2020. (*Id.* at 2.) Defendant Judge Louise Spencer subsequently issued a final restraining order on May 13, 2020 ("FRO"). (*Id.*) Both judges found that Plaintiff had committed the predicate offense of Harassment under N.J. Stat. Ann. § 2C:33-4(a) & (c) against Mediatrice and their children[4]; and

**WHEREAS** the FRO, entered pursuant to the New Jersey Prevention of Domestic Violence Act ("PDVA"), N.J. Stat. Ann. §§ 2C:25-17 to -35, forbade Plaintiff from possessing a firearm. (ECF 102-1 at 1-3). The FRO determined that Plaintiff had been "controlling" of Mediatrice. (*Id.* at 3.) The Appellate Division of the Superior Court of New Jersey affirmed the Restraining Order on May 7, 2021 (ECF 52-1), finding that it was predicated on:

> [Plaintiff's] repeated actions to compel [Mediatrice] to return to their bedroom, including removing a door from a guestroom where she was sleeping, which he did with the express intent to cause her to "come over" to their bedroom; preventing her from sleeping on an air mattress in another room by deflating it and grabbing the pump from her when she tried to reinflate it; preventing her from sleeping on another mattress in the children's room by moving it to the parties' bedroom where he was sleeping; sending her late-night texts threatening to replace her, and repeatedly demeaning [her] in the presence of their children, including questioning their eleven year-old son about engaging in incest with [Mediatrice].

---

[3] The Court has previously outlined a full factual background for this litigation. (*See* ECF 140; ECF 160.) Here, the Court only restates and elaborates on those facts specifically relevant to the instant motion.
[4] For a full recitation of the relevant factual history underlying the New Jersey Family Court's issuance of temporary and final restraining orders against Plaintiff, *see* ECF 52-1 (per curiam opinion of the Superior Court of New Jersey Appellate Division affirming the New Jersey Family Court's decision to enter the restraining orders); *see also* ECF 53 (Order dated July 30, 2022 denying Plaintiff's initial motion for an order to show cause) at 2-9.)

(ECF 52-1 at 16-17.) On November 16, 2021, the Supreme Court of New Jersey denied Plaintiff's petition for certification. (ECF 61-1); and

**WHEREAS** Plaintiff initiated this federal civil action on May 22, 2020. (*See* ECF 1.) Plaintiff challenged the TRO and FRO by alleging that the New Jersey Family Court violated his constitutional rights. (*See id.*) Plaintiff subsequently filed three amended complaints (ECF 4; ECF 6; ECF 104, "TAC") and four corresponding motions for an order to show cause why a preliminary injunction should not issue pursuant to Federal Rule of Civil Procedure 65. (ECF 5; ECF 68; ECF 95; ECF 102.) In his motions seeking an order to show cause, Plaintiff argued that restrictions on his custodial rights of his children and on his right to bear arms under the Second Amendment were constitutionally impermissible and constituted irreparable harm.[5] (*See* ECF 5; ECF 68; ECF 95; ECF 102); and

**WHEREAS** this Court denied Plaintiff's latest request for an order to show cause pursuant to Rule 65 (ECF 102-1, "Motion for Preliminary Injunction") on January 30, 2023. (ECF 140, "Order".) The Court denied the request after applying the standard set forth by the Supreme Court in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), and case law outlining how domestic violence offenses are grounds for valid restrictions on the Second Amendment right to bear arms. (*Id.* at 4-6.) Plaintiff moved for reconsideration of the Court's ruling on February 20, 2023. (ECF 145.) On December 20, 2023, the Court denied the motion for reconsideration and stayed the proceedings pending the opinion of the Supreme Court in *United States v. Rahimi*, 602 U.S. 680

---

[5] Plaintiff's Motion for Preliminary Injunction challenges only N.J. Stat. Ann. § 2C:25-28(j) ("Section 2C:25-28(j)"), which allows a court to provide "[e]mergency relief" upon the filing of a domestic violence complaint, including "forbidding the defendant from…possessing any firearm or other weapon." However, Plaintiff also appears to challenge the restriction on his possession of firearms imposed by the FRO. (*See* Pl. Mot. at 2 ("[I]n Mr. Mutarambirwa's case the prohibition on all dangerous objects is permanent.") Because Plaintiff is proceeding *pro se*, the Court will address both arguments.

3

(2024). (ECF 160, ECF 161.) The Supreme Court issued its opinion in *Rahimi* on June 21, 2024; and

**WHEREAS** on January 21, 2025, the Court granted Plaintiff's request to file a renewed motion for reconsideration of the Court's January 30, 2023 Order. (ECF 174.) Plaintiff then filed the instant renewed motion for reconsideration on January 24, 2025. (ECF 177, Pl. Mot.) Defendants opposed the motion via memorandum and letter on February 18, 2025. (ECF 180, Opp.; ECF 181); and

**WHEREAS** a party may move for reconsideration of a previous order if there are "matter[s] or controlling decisions which the party believes the Judge has overlooked." L. Civ. R. 7.1(i). The Court will reconsider a prior order only where a different outcome is justified by "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam); *see also Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A court commits a clear error of law "only if the record cannot support the findings that led to that ruling." *ABS Brokerage Servs. LLC v. Penson Fin. Servs., Inc.*, No. 09- 4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F.3d 591, 603-04 (3d Cir. 2008)); and

**WHEREAS** "reconsideration is an extraordinary remedy, that is granted 'very sparingly.'" *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (emphasis added) (citations omitted); *see also Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005). A motion for reconsideration "may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). "Mere

'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs. LLC*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld Asset Mgmt. LLC*, 161 F. Supp. 2d at 353); and

**WHEREAS** Federal Rule of Civil Procedure 65 permits district courts to grant preliminary injunctions. Granting injunctive relief is "'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (quoting *American Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994)). For a court to grant injunctive relief, a party must show: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Id.* at 708. The party seeking injunctive relief bears the burden of showing that the factors weigh in favor of preliminary relief. *AT&T*, 42 F.3d at 1427; and

**WHEREAS** in his renewed motion for reconsideration, Mutarambirwa argues that there has been an intervening change in controlling law, and the Supreme Court's recent decision in *United States v. Rahimi* supports his facial and as-applied challenges to Section 2C:25-28(j) of the PDVA. (Pl. Mot. at 1-3) Mutarambirwa argues the Court should accordingly reconsider its Order denying Plaintiff's motion for a preliminary injunction (ECF 140). (*Id.*); and

**WHEREAS** the Court starts with Mutarambirwa's as-applied challenge to Section 2C:25-28(j) of the PDVA, which this Court previously rejected in its Order. (*See* Order at 4-8.) "An as-applied attack . . . does not contend that a law is unconstitutional as written[,] but [rather] that its application to a particular person under particular circumstances deprived that person of a constitutional right." *Range v. Att'y Gen. United States*, 124 F.4th 218, 245 n.24 (3d Cir. 2024) (quoting *United States v. Marcavage*, 609 F.3d 264, 273 (3d Cir. 2010)); and

5

**WHEREAS** contrary to Plaintiff's arguments, *Rahimi* does not require this Court's reconsideration of its Order. (*See* Order at 4.) In *Rahimi*, the Court rejected a facial challenge to 18 U.S.C. § 922(g)(8), a federal statute that prohibits individuals subject to domestic violence restraining orders from possessing a firearm upon a finding that they pose a threat of danger. *Id.* at 693; and

**WHEREAS** in reaching its decision, the Supreme Court applied *Bruen*, stating, "[i]n *Bruen*, we explained that when a firearm regulation is challenged under the Second Amendment, the Government must show that the restriction 'is consistent with the Nation's historical tradition of firearm regulation.'" *Rahimi*, 602 U.S. at 689 (quoting *Bruen*, 597 U.S. at 24). Modern laws pass this test if they are "'relevantly similar' to laws that our tradition is understood to permit," especially in "[w]hy and how [they] burden the right." *Id.* (quoting *Bruen*, 597 U.S. at 29). The Supreme Court held that "[w]hen a restraining order contains a finding that an individual poses a credible threat to the physical safety of an intimate partner, that individual may—consistent with the Second Amendment—be banned from possessing firearms while the order is in effect." *Id.* at 690. The Court found that temporarily disarmament for those posing credible threats to the safety of others is in line with the nation's "tradition of firearm regulation." *Id.* at 701; and

**WHEREAS** Plaintiff argues in his motion for reconsideration that there was "no [ ] finding" in his case that he posed a credible threat to the physical safety of another and that, under the restraining order against him, he was disarmed only because he was found to be "not responsible," an unconstitutional basis for disarmament under *Rahimi*. (Pl. Mot. at 2 (citation omitted).) Plaintiff also argues that "the prohibition on all dangerous objects is permanent." (Pl. Mot. at 2); and

6

**WHEREAS** Plaintiff is correct that *Rahimi* is applicable here, but he is incorrect that *Rahimi* mandates reconsideration of this Court's Order; and

**WHEREAS** applying *Rahimi*, the Court's decision remains. Plaintiff incorrectly argues that "*Rahimi* appears to hold that a person may be disarmed of firearms temporarily ***only if*** "[a]n individual found by a court to pose a credible threat to the physical safety of another." (Pl. Mot. at 2 (emphasis added).) In *Rahimi*, the Supreme Court analyzed the constitutionality of § 922(g)(8), which by its language applies "only once a court has found that the defendant 'represents a credible threat to the physical safety' of another." *Rahimi*, 602 U.S. 680, 699 (quoting § 922(g)(8)(C)(i)). Indeed, the Court in *Rahimi* acknowledged that it did not "undertake an exhaustive historical analysis . . . of the full scope of the Second Amendment." *Id.* at 702 (quoting *Bruen*, 597 U.S. at 31); and

**WHEREAS** here, although the language of Section 2C:25-28(j) differs from the language in § 922(g)(8)(C)(i), the PDVA likewise requires a finding of a threat of danger or further abuse before issuing a restraining order. Under the PDVA, a judge "may enter an ex parte order when necessary to protect the life, health or well-being of a victim on whose behalf the relief is sought." N.J. Stat. Ann. 2C:25-28(f). As to the FRO against Plaintiff, "the guiding standard [for whether a restraining order should be issued] is whether a restraining order is necessary . . . to protect the victim from an immediate danger or to prevent further abuse." *J.D. v. M.D.F.*, 25 A.3d 1045, 1055 (N.J. 2011) (quoting *Silver v. Silver*, 903 A.2d 446 (N.J. App. Div. 2006)). Therefore, although the PDVA does not contain identical language to § 922(g)(8), the New Jersey Family Court's imposition of the TRO and FRO pursuant to the PDVA still meets the standard that the Supreme Court found acceptable in *Rahimi*: that a court can temporarily restrict an individual's possession

of weapons if it finds that the individual poses a threat to the safety of another. *Rahimi*, 602 U.S. at 702; and

**WHEREAS** Plaintiff has not argued, nor demonstrated, that this Court's conclusion in the Order that "federal courts considering this issue [of whether domestic violence offenses fall expressly within the historical tradition of firearm restrictions in light of *Bruen*] have determined that domestic violence crimes are grounds for valid firearm restrictions under the Second Amendment" is incorrect.[6] (Order at 5 (collecting cases)); and

**WHEREAS** finally, by imposing the FRO, the New Jersey Family Court's decision demonstrates that it found Plaintiff posed a threat to Mediatrice. As this Court has previously noted, the New Jersey Family Court "consider[ed] documentary and testimonial evidence from both sides, [and] concluded that Mutarambirwa committed numerous instances of abusive behavior against [his wife] and their children, and ***found that [Plaintiff] Mutarambirwa was inclined to commit future acts of violence***." (ECF 53 at 2 (citing ECF 52 at 4-8) (emphasis added).) Additionally, this Court has stated, "Plaintiff's actions caused Mediatrice ***to fear for herself and her children***, which resulted in her decision to go to the police and seek a temporary restraining order from the West Orange Municipal Court."[7] (Order at 7 (citing ECF 52 at 6)

---

[6] Moreover, the Court in *Rahimi* referenced historical surety and going armed laws in finding that the tradition of firearm regulation allows the government to disarm individuals who present a credible threat to the physical safety of others. *Rahimi*, 602 U.S. at 693-700. These principles are likewise applicable to the weapons possession restrictions of the PDVA as applied to Plaintiff. As the Court explained in *Rahimi*, "[u]nder the surety laws, a magistrate could 'oblig[e] those persons, [of] whom there is a probable ground to suspect of future misbehaviour, to stipulate with and to give full assurance… that such offence… shall not happen[,] by finding pledges or securities' . . . Well entrenched in the common law, the surety laws could be invoked to prevent all forms of violence, including spousal abuse." *Id.* at 695 (quoting 4 Blackstone 251).

[7] Additionally, in imposing the Restraining Order, the New Jersey Family Court determined that Plaintiff had committed the predicate offense of Harassment under N.J. Stat. Ann. § 2C:33-4(a) & (c) (proscribing "annoy[ing]" communications and repeated instances of "alarming" conduct). (*See* Order at 2.) In *State v. Burkert*, the New Jersey Supreme Court the narrowly construed the phrases in subsection (c) "any other course of alarming conduct" and "acts with purpose to alarm or seriously annoy" to refer only to "repeated communications directed at a person that reasonably put that person in fear for his safety or security or that intolerably interfered with that person's reasonable expectation of privacy." 174 A.3d 987, 990 (N.J. 2017). The Court is therefore unpersuaded by Plaintiff's argument

8

(emphasis added)); and

**WHEREAS** Plaintiff also argues that the restraining order unconstitutionally imposes a permanent restriction on his Second Amendment rights. (Pl. Mot. at 2.) Plaintiff is incorrect. The PDVA outlines that "[u]pon good cause shown, any final order may be dissolved or modified upon application to the [New Jersey Family Court], but only if the judge who dissolves or modifies the order is the same judge who entered the order, or has available a complete record of the hearing or hearings on which the order was based." N.J. Stat. Ann. § 2C:25-29(d). Additionally, as to Plaintiff's TRO, the court that imposes a temporary order must hold a hearing within ten days of the filing of a complaint before it issues a final restraining order. *Id.* § 2C:25-29(a). Given the ability for Plaintiff to seek modification or dissolution of the FRO, and the provisional nature of the TRO, the restraining orders do not constitute a permanent revocation of his ability to bear arms. Plaintiff's contention that the TRO and FRO impose a permanent restriction on his Second Amendment rights is therefore not an adequate basis for reconsideration; and

**WHEREAS** for the foregoing reasons, Plaintiff has not shown that an intervening change in controlling law necessitates reconsideration of the Court's Order.[8] The Supreme Court's decision in *Rahimi* does not change the Court's finding that Plaintiff has failed to show a likelihood of success on the merits such that a preliminary injunction might issue. *See Kos Pharms., Inc.*, 369 F.3d at 708; and

---

that he is deprived of his right to possess weapons "because he allegedly engaged in controlling behavior—an amorphous concept never defined." (Pl. Mot. at 2.)

[8] Because Plaintiff's as-applied challenge to § 2C:25-28(j) fails, Plaintiff's facial challenge under the Second Amendment also fails. *See U.S. v. Mitchell*, 652 F.3d 387, 415 (3d Cir. 2011) ("[Plaintiff's] facial challenge to the statute fails. Because the statute is constitutional as applied to [plaintiff], he has not shown that there is no set of circumstances under which the statute may be applied constitutionally.").

9

**WHEREAS** Plaintiff also appears to seek reconsideration of the Order on the basis of his Equal Protection and First Amendment claims.[9] (*See* Pl. Mot.) Neither claim can be the basis for reconsideration. As this Court stated in its Order, "Plaintiff's brief primarily focuses on the likelihood of success on the merits of his Second Amendment claim." (Order at 8 (citation omitted).) Plaintiff gives no reasoning for his request that the "Court should grant a preliminary injunction with respect to the free speech" claims, and only passingly cites to his TAC to assert that "New Jersey and [the] City of West Orange have a custom and practice of granting Domestic Violence restraining orders to women while denying them to men . . . ." (Pl. Mot. at 3.) Plaintiff does not establish the presence of "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice" that would compel the Court to reconsider its prior Order. *Lazaridis*, 591 F.3d at 669. The Court maintains that Plaintiff's First Amendment and Equal Protection claims are inappropriate bases to enjoin the application of Section 2C:25-28(j) to Plaintiff[10]; and

**WHEREAS** for the reasons stated above, Plaintiff has not demonstrated that reconsideration of the Court's prior Order is warranted.

**IT IS** on this 16th day of September 2025,

---

[9] Count One of Plaintiff's TAC is "Declaratory and Injunctive Relief that New Jersey Statute 2C:33-4 is facially unconstitutional as overbroad and unconstitutionally vague with a chilling effect on free speech and purports to have jurisdiction to punish statements made in other states" and Count Five is the "Denial of Equal Protection under Color of Law." (*See* TAC.) Plaintiff argues in his renewed motion for reconsideration that "[t]his Court should grant a preliminary injunction with respect to the free speech and Second Amendment issues; [and] discovery should commence with regard to remaining issues including racial discrimination by Defendants." (Pl. Mot. at 1.) However, Plaintiff's Motion for Preliminary Injunction was limited to the argument that N.J.S.A. § 2C:25-28(j) is unconstitutional both facially and as-applied to Plaintiff. (*See* ECF 102-1 at 5 ("the focus of the instant application is the application of the weapons provision of N.J. Stat. § 2C:25-28(j)[.]")) Plaintiff's First Amendment arguments, on the other hand, focused on the constitutionality of N.J.S.A. § 2C:33-4(a) & (c), which was not the basis of Plaintiff's Motion for Preliminary Injunction and is not the basis of his motion for reconsideration. (*See id.*)

[10] The Court also does not address Plaintiff's contention that discovery should immediately commence. (Pl. Mot. at 3.) This argument was not addressed in Plaintiff's previous Motion for Preliminary Injunction or the Court's Order and is therefore not a basis upon which to request reconsideration. (*See* ECF 102; ECF 140.)

**ORDERED** that Mutarambirwa's renewed motion for reconsideration (ECF 177) is **DENIED**; and it is further

**ORDERED** that the stay entered on December 20, 2023 (ECF 161) is hereby lifted; and it is further

**ORDERED** that the parties submit a joint letter proposing a schedule for briefing renewed motions to dismiss Plaintiff's Third Amended Complaint (ECF 104) by September 26, 2025.

**SO ORDERED.**

                                          */s/ Jamel K. Semper*
                                          **HON. JAMEL K. SEMPER**
                                          **United States District Judge**

Orig:  Clerk
cc:     José R. Almonte, U.S.M.J.
        Parties